On Rehearing

TYSON, Judge.
Appellant’s counsel challenges, on rehearing, this Court’s determination that the trial court properly found there was probable cause for the search of the appellant’s automobile in which a pistol was found under the seat, and subsequently, upon further search at Police Headquarters, the missing watches and rings from Michael’s Jewelers were found, along with the boxes contain *680 ing same, in the trunk of appellant’s automobile.
Appellant’s counsel asserts the following in his brief on rehearing (p. 11):
“The Court found probable cause to exist for the searches because of information received by Officer Brown concerning the robbery of Michael’s Jewelers earlier that day and a description of an automobile described as having been used in the robbery. This information was received by radio dispatch and there is absolutely no other evidence of Officer Brown receiving any other information from any source.
“Neither is there any testimony concerning the origination of the radio dispatch. The record is void of any support for the suspicion that the auto described in the radio dispatch was in fact involved in the robbery. None of the victims testified concerning any car. No witness was produced who testified to seeing the car at or near the scene of the robbery. The Gadsden police officers who investigated the robbery did not testify to any information they had received from any source describing the car.”
After carefully reviewing this record again, we have determined that there was no challenge in the trial court, either by way of motion to suppress, motion to exclude, or other objection to the evidence at trial as to the basis of the information received by either Deputy Sheriff Charles Brown or Deputy Sheriff Jim Picket, the two officers who made the arrest of the appellant and subsequently searched his vehicle in Marshall County, Guntersville, Alabama.
At no point during the trial of this cause was there any objection made to the testimony in which these two officers related the information they had received by way of police radio broadcast from Gadsden, Alabama, concerning the robbery of Michael’s Jewelers. Not only were the contents of this broadcast not challenged in the trial court, at no point during the triál proceedings was there any objection to the officers relating the information received. There was absolutely no inquiry during trial as to the basis of the information broadcast on the police radio, as to who may have broadcast such information, or the source thereof, or the details of such broadcast.
There being no challenge to such matters in the trial court, such may not now be asserted on appeal.
The sole basis for objection to the items seized from the appellant’s vehicle, at trial, was that the arresting officers did not have a search warrant.
Assuming for the sake of argument that the information received by the two arresting officers, Brown and Picket, deputy sheriffs, was hearsay, nevertheless, the authorities are legion to the effect that probable cause may be based upon credible hearsay information, particularly where, as here, such emanates from a police radio broadcast in the normal course of business immediately following a robbery. The description of the suspects and the vehicle was contained in this broadcast. See United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); see also, Texas v. White, 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975).
OPINION EXTENDED, REQUEST FOR ADDITIONAL FACTS DENIED, APPLICATION OVERRULED.
HARRIS, P. J., and DeCARLO, J., concur.
BOWEN, J., concurs in result.
BOOKOUT, J., dissents.